IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| HENRY LEE WATKINS | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0745-D |
| | § | |
| OFFICER RODRIGUEZ | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Henry Lee Watkins against Officer Rodriguez of the Ferris Police Department. On April 12, 2011, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on May 9, 2011. The court now determines that plaintiff should be allowed to prosecute his claims against Officer Rodriguez for false arrest and coercing a witness to commit perjury. His other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

On October 25, 2010, plaintiff was arrested by Officer Rodriguez for criminal mischief. (*See* Mag. J. Interrog. #1(e), 3). According to plaintiff, the officer failed to inform him of his *Miranda* rights and lacked probable cause for the arrest. (*See* Mag. J. Interrog. #1(b)). Plaintiff also accuses the officer of coercing a witness to implicate him in the offense. (*See* Mag. J. Interrog. #4). After spending 30 days in jail, the charges against plaintiff were dismissed. (*See* Mag. J. Interrog. #1(c), 6). Plaintiff now sues for unspecified monetary damages. (*See* Mag. J. Interrog. #2).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations

in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim against Officer Rodriguez for failing to inform him of his *Miranda* rights. The failure to give *Miranda* warnings, by itself, does not give rise to a constitutional violation. Rather, such a violation occurs, if at all, "only upon the admission of unwarned statements into evidence at trial." *United States v. Patane*, 542 U.S. 630, 124 S.Ct. 2620, 2629, 159 L.Ed.2d 667 (2004). *See also Murray v. Earle*, 405 F.3d 278, 285 n.11 (5th Cir.), *cert. denied*, 126 S.Ct. 749 (2005); *Manzanares v. Isenberg*, No. 3-03-CV-0649-D, 2003 WL 21529430 at *2 (N.D. Tex. Jul. 1, 2003). Here, plaintiff fails to allege that any statements made to Officer Rodriguez were used against him. Consequently, this claim fails as a matter of law.

C.

Plaintiff further alleges that Officer Rodriguez arrested him without probable cause and coerced a witness to falsely implicate him in a criminal offense. Without suggesting a view of whether dismissal may be proper in a different procedural context, such as a motion for summary judgment, plaintiff has alleged enough facts in his complaint to survive dismissal of these claims at this stage of the proceeding.

**RECOMMENDATION**

Plaintiff should be allowed to prosecute his claims against Officer Rodriguez for false arrest and coercing a witness to commit perjury. His other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 10, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE